## GERTRUDE T. KELLIHER
### vs.
## NEW HAVEN CLOCK CO., ET AL.

Superior Court      New Haven County      File #47969

Present: Hon. JOHN A. CORNELL, Judge.

Thomas R. Robinson,
D. M. Reilly,                    Attorneys for the Plaintiff.

M. E. Gormley,                   Attorney for the Defendants.

**MEMORANDUM FILED MARCH 23, 1936.**

CORNELL, J.   All of the reasons of appeal seek correction of the findings of fact made by the commissioner upon which the award to claimant was based.

For convenience the rulings made with reference to these are noted substantially in the order and under the designations in which they appear in the statement of Reasons of Appeal.

## PARAGRAPH 1

### A

The effect of this paragraph of respondent's Motion to Correct the Finding would be to limit the honoring of vouchers presented by claimant's decedent for traveling expenses to occasions when the latter used his car "for trips in limited territory between Boston and New York".

Other testimony of respondent's—employer witness, Whitehead, than that quoted in the excerpt filed with the commissioner in support of the Motion to Correct, is fairly susceptible of the interpretation which the commisioner apparently placed upon it. See transcript p. 41 and p. 46.

### B

It is not perceived that it is of any material consequence whether respondent-employer knew whether the deceased had a companion on any of the trips described in paragraph 9 of the finding. Palpably, the reference to such circumstance is merely descriptive of what the decedent did on such trips. While it is quite true that there is an absence of evidence to show that the respondent's-employer president had prior knowledge of certain of these journeys by auto, it seems equally apparent that under the system which prevailed with respect to deceased's expenses he must have learned of it when the deceased's report was filed with the comptroller since the president states it was the latter's duty to report any bill which was "out of reason" (transcript p. 47) or if there was any question about it (transcript p. 45) both of which conditions would co-exist if, as the president testified, he would not permit an allowance of 6c per mile for travel, if pursued without respondent's-employer knowledge or consent.

Varying conclusions might not unreasonably be drawn from the testimony of the president and comptroller of the respondent, e. g., that notwithstanding the president's unwillingness that the deceased use his car on long trips outside of the area between Boston and New York and even his actual forbidding of the deceased to do so, nevertheless, he acquired

knowledge of the decedent's practice of doing so on such occasions and gave approval to it by accepting decedent's reports showing expenditures made for such purposes and allowing him the mileage therefore, at the same rate as was applicable to the limited territory in which the respondent-employer admits that decedent's use of his car was fully authorized.

## C

Paragraph 10 to which this correction applies, is descriptive of certain of the duties which the deceased was required to perform as part of his contract of employment.

There is undisputed evidence to the effect that the latter was obliged to obtain the consent or approval of the president of the employer-respondent corporation before attending conventions and, specifically, that he did so with respect to the particular convention that was his destination at the time he met his death.

Paragraph 10 may be amended so that, as amended, it will read as follows:

"10.   One of the decedent's duties in promoting sales in the automobile division of the employer-respondent, upon obtaining the consent or prior approval of the employer-respondent (but not otherwise) was to arrange for exhibits at various manufacturers' and jobbers' conventions and to attend many of these conventions."

## D

This may be granted to the extent that the third sentence of paragraph 11 of the Finding as thus corrected shall read as follows:

"He drove from New Haven to New York City where he was joined by Dodd C. Coster, a publisher's representative who was to accompany him to the convention.   The respondent had no actual knowledge of the means of transportation to be or which was actually employed by the deceased in so going to New York and thence to Cleveland, nor of the fact that he was to meet Mr. Coster when he arrived there or be accompanied by the latter to Cleveland."

## H

The first part of this may be granted, viz., "The decedent was under the sole supervision of Mr. Whitehead to whom he has to report." The latter portion states a conclusion from a much controverted state of fact, viz., that Mr. Whitehead "permitted him (the decedent) to travel only by railroad or airplane unless specific instructions were received allowing him to use his automobile while traveling."

There is more than one theory under which the commissioner was justified in failing or refusing to find as asked to do in this part of the Motion to Correct.

There was, e. g., evidence showing that notwithstanding Mr. Whitehead's testimony on the point, the decedent had on a number of occasions used his car in making long trips in the course of his employment and while acting for the respondent-employer in performance of his duties, outside the territory in which, according to Mr. Whitehead, he had, alone, permission to do so.

That knowledge of this, actual or imputed, on the part of the respondent-employer existed would be a reasonable inference under the system employed with respect to allowance for travelling and expenses. As a practical matter it would be somewhat difficult to avoid such an inference, if the testimony in behalf of the claimant be accepted, as it, apparently, was.

The next step is an easy one, viz., that the decedent's practice in so using his car became an adopted custom of which the respondent-employer thus knew or must be held to have known and by acquiescing in which the respondent-employer accepted and approved it, as one of the ways in which the decedent might perform the duties of his employment.

Such conclusions would be bedded in actual evidence and so could permissibly be reached by the commissioner. If reached, this part of the request to correct would be inadmissible.

Another conclusion which the commissioner might properly have arrived at under the conflict in evidence on the point was to deny any credibility to the testimony of the witness,

Whitehead, especially in view of other details in his testimony, considered, particularly in the light of that adduced in behalf of claimant.

It cannot be perceived that error was committed by the commissioner in refusing to grant this part of the Motion to Correct.

### I

From what has been stated supra, no error is discernible in the commissioner's failure to correct the Finding in accordance with this request.

### J

The Finding may be corrected by adding a paragraph which shall read as follows:

> The decedent's hotel reservations were tentative and in order that he might insure their being made definite he planned on reaching Cleveland on Friday night. The quickest and most direct route from New York would be by railroad, but had he not met with any serious untoward incident or accident he would have reached Cleveland travelling over the route that he did by automobile and having reached the point where he was killed at the time that he did, in time to have perfected his hotel accommodations.

### PARAGRAPH 2

Consistently with the ruling made as concerns H of Part 1, no error is discovered here.

### PARAGRAPH 3

No error is discovered here, in the light of the conclusions reached supra.

The Finding may be amended in the particulars noted supra. As so corrected, it supports the award made.

Judgment may enter dismissing the appeal.